UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KIM NUNAMAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   3:21-cv-49 |
| | ) |
| THRYV, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Kim Nunamaker ("Nunamaker"), by counsel, against Defendant, Thryv, Inc. ("Defendant"), pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621 et. seq., for its discriminatory actions towards her based on her disabilities in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et. seq., and for its retaliatory actions against her in violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et. seq.

**II. PARTIES**

2. Nunamaker is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Vanderburgh County, State of Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a Foreign For-Profit Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117, 29 U.S.C. §2617(a)(2) and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5)(A), and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Nunamaker was an "employee" as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 12111(4).

7. Nunamaker is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Nunamaker's disability and/or Defendant regarded Nunamaker as being disabled

8. Nunamaker was a qualified and eligible employee as defined by the FMLA.

9. Nunamaker exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission claiming discrimination based on age and disability. Nunamaker has filed her Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

10. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Nunamaker, who is 58 years old, began working for the Defendant on or about March 12, 2012. Most recently, she held the positon of Business Advisor/Outside Sales Consultant earning $42,000 per year – plus Commission.

12. Nunamaker lived and worked for the Defendant in Evansville, Indiana.

13. At all times relevant to this action, Nunamaker met or exceeded Defendant's legitimate performance expectations.

14. On March 28, 2020, Nunamaker was notified of her termination ("permanent layoff") effective April 10, 2020.

15. Nunamaker is disabled within the meaning of the ADAAA and/or the Defendant regarded her as disabled. In fact, Nunamaker was out on medical/FMLA leave when she was terminated.

16. Defendant contends that Nunamaker was terminated due to a reduction in force ("RIF"). First, in examining the Older Workers Benefit Protection Act Notice circulated by Defendant – it appears that only 1 of the 6 Outside Sales Consultants, who were terminated/selected is under the age of 40.  Moreover, 7 of the 26 who were retained are under the age of 40 – including those of the ages 26, 28 and 28.

17. Nunamaker is aware that a co-worker who she helped train and was paid $1,500 to be her mentor, Tara Cabral, who is believed to be under the age of 40 or significantly younger than Nunamaker and had only been with the Defendant for 11 months or less, was not part of the RIF and was selected to keep her position.

18. In fact, Cabral keeping her job was such a red flag to Nunamaker that she questioned Human Resources - Jaime Kerecman and her supervisor, Paul Novielli, how Defendant arrived at its decision for these permanent layoffs – e.g. tenure – and she received no answer.

19. After Nunamaker's termination – two representatives remained working in Evansville – Cabral and Ali Caid. Both have been with the Defendant less than a year, but they kept their positions.

20. Moreover, the Defendant is continuing to hire and hiring people in Nunamaker's former region.

21. Novielli is believed to be 35 years old and took over the Sales Director position with the Defendant. Importantly, every hire he has made since taking over the position has been a person under the age of 40. Novielli has made approximately 8 hires during his tenure and has only hired one person who is over the age of 40, who he initially refused to hire and that person, Mellissa Fallon, went over his head to higher levels of the Defendant's management and was eventually hired by Robin Hager.

22. Based upon information and belief, Novielli in a meeting and several times thereafter - starting in about 2018, stated that he would only hire young people who were recent college graduates because he had "better success" with them.

23. Thereafter, Novielli stated that his plan to only hire younger people was not going as well as he hoped, but it was still better than hiring old people.

24. Additionally, upon information and belief, the Defendant has continued to terminate older and long tenured employees - e.g. Rosie Lowden and Vronda Cox.

25. Based upon information and belief, several internal complaints of age discrimination were filed against Novielli and he was finally demoted in or about September 2020.

26. Nunamaker was terminated based on her age and/or disability and/or use of FMLA.

## V. LEGAL ALLEGATIONS

### COUNT I – AGE DISCRIMINATION

27. Nunamaker hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint.

28. Defendant has willfully and intentionally, with malice and/or reckless disregard for Nunamaker's rights, engaged in unlawful and discriminatory employment practices by terminating Nunamaker's employment based on her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 et. seq.

29. Nunamaker has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II - Disability Discrimination

30. Nunamaker hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

31. Defendant violated Nunamaker's rights by discriminating against her and terminating her employment due to her disabilities.

32. Defendant's actions were intentional, willful and in reckless disregard of Nunamaker's rights as protected by the ADAAA.

33. Nunamaker has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count III – Violations of the FMLA

34. Kinney hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

35. Defendant discriminated against Kinney, denied promotion, demoted and subjected her to a hostile work environment in retaliation for exercising her rights under the FMLA.

36. Defendant's actions were intentional, willful and in reckless disregard of Kinney's rights as protected by the FMLA.

37. Kinney suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kim Nunamaker, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay and the value of concomitant benefits in lieu thereof;

2. Enjoin Defendant from discriminating against its employees based on their age, disability or use of FMLA;

3. Pay to Plaintiff all of her lost wages and benefits;

4. Pay to Plaintiff compensatory damages, damages for physical, mental and emotional distress and payment of uncovered medical bills and/or insurance premiums;

5. Pay to Plaintiff liquidated damages and/or punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/*Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Kim Nunamaker*

## DEMAND FOR JURY TRIAL

Plaintiff, Kim Nunamaker, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

s/*Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Kim Nunamaker*